UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DENNIS ROBERGE, KRISTI ROBERGE,** : | |
| : | 3:15cv1262 (WWE) |
| **v.** : | |
| : | |
| **AMICA MUTUAL INSURANCE CO.** : | |

## RULING ON MOTION TO DISMISS

In this action, plaintiffs Dennis Roberge and Kristi Roberge challenge the defendant Amica Mutual Insurance's failure to provide coverage for the damage to basement walls of their home. For the following reasons, the motion to dismiss will be denied.

## FACTUAL BACKGROUND

For purposes of ruling on this motion to dismiss, the Court assumes that all of the factual allegations in the complaint are true.

Plaintiffs assert that the basement walls of their home have collapsed due to pattern cracking caused by a chemical compound found in certain basement walls constructed in the late 1980s and early 1990s.

Defendant issued an insurance policy on their home. In its Section 1, the policy stated that it does not insure, for loss "involving collapse" except as provided further in Section E.8. According to Section E.8., coverage applies to an "abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." E.8.e. states that the policy insures for "physical loss to covered property involving abrupt

collapse ... if such collapse was caused by ... use of defective material or methods in construction, remodeling or renovation."   Section E.8.f. provides: "Loss to an awning, fence, patio, deck, pavement, swimming pool, underground pipe, flue, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under e.(2) through (6) above unless the loss is a direct result of the collapse of a building or any part of a building."

Plaintiffs allege that a substantial collapse has occurred due to materials used to construct the basement walls of their home.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff maintains that the policy provides coverage for a collapse caused by hidden decay or defective materials used in the construction of the building. Defendant asserts that the basement walls are part of the "foundation" and thereby

excepted from coverage under E.8.f. relevant to collapse coverage. Defendant maintains further the plaintiffs have not alleged a plausible claim that satisfies the policy's coverage for abrupt collapse or that their home cannot be occupied for its intended purpose. Finally, defendant argues that plaintiffs have failed to allege that the damage occurred during a period applicable to defendant's policy coverage.

"If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." Moore v. Continental Cas. Co., 252 Conn. 405, 409 (2000). Insurance policy words must be accorded their ordinary and natural meaning, and any ambiguity in the terms of the policy must be construed in favor of the insured. Hansen v. Ohio Cas. Ins. Co., 239 Conn. 537, 542 (1996). "The determinative question is the intent of the parties," as disclosed by the policy terms viewed in their entirety. Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 399 (2000). A policy should be taken as a whole and all of its relevant provisions considered in connection with each other. A.M. Larson Co. v. Lawlor Ins. Agency, 153 Conn. 618, 622 (1966).

   1.   Exclusion for Loss to Foundation

As defendant recognizes, this Court has held as ambiguous similar language in other policies excluding loss to a "foundation." See Metsack v. Liberty Mutual Fire Insurance Co., 2015 WL 5797016, *6 (D. Conn. Sept. 30, 2015) (citing cases). These cases have found that the term foundation could be reasonably construed to refer to the "footings" of a structure or the lowest load-bearing part of the building rather than a "stone or concrete structure" that supports a building, which definition could encompass basement walls. Id. Here, defendant points out that the policy refers

to both footings and foundations in other provisions and that the policy thereby contemplates that footings are distinct structures from the foundation. In Metsack, this Court considered and rejected an analogous argument because a house may or may not have a separate "footing" and "foundation" depending upon its construction:

> At the time the subject premises were constructed it was a customary building practice in Connecticut to construct a home by first excavating the site, then erecting footings consisting of a concrete footprint of the house, erecting a basement or foundation consisting of a horizontal base or floor and vertical walls on top of the footings which serves as the home's basement, and erect the above-ground floors and walls of the home on top of the basement. Employing that method of construction, the footings beneath the basement could constitute a separate structural component serving as the structural support beneath the basement for the house. In such circumstances, a reasonable trier of fact could conclude the "footings" to be the "foundation." This interpretation would not render either term superfluous, because, there may be circumstances in which a house has foundational walls, supported by footings, without any basement. In such circumstances, the "foundation" and "footings" could refer to different elements of the below-ground masonry structure supporting the house, necessitating that the Policy distinguish between the two terms.

Id., 2015 WL 5797016, at *6.

Defendant counters that Metsack's reasoning is flawed by misapplication of the last antecedent rule. Specifically, defendant asserts that Metsack misinterpreted the policy's loss settlement calculation excluding the value of "[e]xcavations, foundations, piers, or any supports which are below the undersurface of the lowest basement floor."  Defendant maintains that this Court should have interpreted the qualifying phrase--"which are below the undersurface of the lowest basement floor" as modifying only "any supports" rather than all of the prior antecedents. Defendant argues that proper application of the last antecedent rule to the instant policy's loss settlement

4

calculation underscores that the policy distinguishes between the different structural components of the buildings.  The instant policy's loss settlement calculation provides for exclusion from the replacement cost valuation "[e]xcavations, footings, foundations, piers, or any other structure or devices that support all or part of the building, which are below the undersurface of the lowest basement floor."

Accordingly to the rule of the last antecedent, "a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows." Barnhart v. Thomas, 540 U.S. 20, 26 (2003).  However, the Second Circuit recently noted that the last antecedent rule, while useful, is not an absolute and can be overcome by other indicia of meaning.  Lloyd v. J.P. Morgan Chase & Co., 791 F.3d 265, 271 (2d Cir. 2015).[1]  Similarly, the last antecedent rule should be considered a means to determine the intent of the parties to an insurance contract. Connecticut Ins. Guar. Ass'n v. Drown, 314 Conn. 161, 190 (2014).  The Connecticut Supreme Court instructed that where a qualifying phrase is separated from preceding phrases by means of a comma, "one may infer that the qualifying phrase is intended to apply to all of its antecedents, not only the one immediately preceding it." State v. Rodriguez-Roman, 297 Conn. 66, 77 (2010).

Although defendant may have a strong argument in its favor, the Court must construe the allegations of the complaint most favorably to the plaintiffs.  Accordingly, the Court finds that the policy language does present an ambiguity; therefore, plaintiffs' complaint plausibly alleges that the policy does not exclude from coverage

---

[1] Further, courts have applied the rule only when the last antecedent can grammatically be modified by the limiting phrase. Id.

loss to basement walls. The determination of contractual intent may be considered on a motion for summary judgment.

### Collapse Provisions

Defendant maintains that plaintiffs have failed to allege facts to support a plausible claim that their home or any part of their home cannot be occupied for its intended purpose or that an abrupt falling down or caving in occurred during a period when defendant's policy was in effect.

Plaintiffs counter that defendant issues its policies in one year increments and that loss coverage is premised upon the terms of the policy that was in effect at the time that the loss occurred. Plaintiffs represent that they attached the 2015/2016 policy to the complaint because it was the only complete policy in their possession at the time and that they had not yet received copies of prior policies as requested from defendant.

Plaintiffs have alleged that they purchased the home in August 1993, at which time they commenced their home insurance coverage with defendant. Plaintiffs also allege that "[a]t some point between the date on which the basement walls were poured and the spring of 2015, the basement walls suffered a substantial impairment to their structural integrity."

Plaintiffs point out that the Connecticut Supreme Court has interpreted the word "collapse"—where it lacked further definition within a policy—as "any substantial impairment of the structural integrity of a building." Beach v. Middlesex Mut. Assur. Co., 205 Conn. 246 (1987). Thus, plaintiffs argue that if the structural integrity of the basement walls of the home became substantially impaired prior to the 2006,

6

defendants' policies prior to the 2006 policy amendment would apply to their claim for coverage.  Plaintiffs submit that the question of identifying the timing of the collapse will require the assistance of expert engineers or scientists.  Construing all allegations most favorably to plaintiffs, the Court finds that plaintiffs have stated a plausible claim for coverage under defendant's insurance.  The Court will leave plaintiffs to their proof.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [doc. #12] is DENIED.

Dated this 29th day of December, 2015 at Bridgeport, Connecticut.


                /s/Warren W. Eginton
                Warren W. Eginton
                Senior U.S. District Judge